**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| LANDIS CAMP | CIVIL ACTION |
| VERSUS | NO. 11-2979 |
| SECOND PARISH COURT OF JEFFERSON, LOUISIANA | SECTION "I" (6) |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that a federal evidentiary hearing is unnecessary. *See* 28 U.S.C. § 2254(e)(2). Accordingly, it is **HEREBY RECOMMENDED** that the instant petition for federal habeas corpus relief be **DENIED WITH PREJUDICE** for lack of subject matter jurisdiction.

## I. PROCEDURAL HISTORY

Petitioner, Landis Camp, presently confined to his home, is challenging his conviction in the Second Parish Court for the Parish of Jefferson, Case No. S1079667. In Case No. S1079667, Camp, on July 17, 2008, pled guilty to violating LSA-R.S. 14:98, operating a vehicle while intoxicated, and violating LSA-R.S. 32:52, driving without a valid driver's license. (St. rec., vol. 1). In connection with his convictions, Camp was sentenced to concurrently-running six-month terms of imprisonment in the Jefferson Parish Prison, with

credit of time served. (St. rec., vol. 1). Petitioner's conviction became final thirty days later because he did not file a notice of appeal or seek reconsideration of his sentence. La.C.Cr.P. art. 914.

On March 17, 2009, the Jefferson Parish District Attorney's Office issued a bill of information in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Case No. 2009-1161, charging that Camp, on January 22, 2009, violated LSA-R.S. 14:98, operating a vehicle while intoxicated. (St. rec., vol. 2). The bill of information further specified that the instant charge constituted Camp's third violation of LSA-R.S. 14:98, "the first time being on August 22, 2007 under Docket Number S1055054 in the 2nd Parish Court ... [and] the second time being on July 17, 2008 under Docket Number S1079667 in the 2nd Parish Court...." (St. rec., vol. 2). On December 6, 2011, Camp pled guilty "under *Alford v. North Carolina*" to the charge lodged against him in Case No. 2009-1161, namely, Driving While Intoxicated, Third Offense. On that same date, Camp was sentenced to imprisonment at hard labor for a one-year period, with credit for time served. Thereafter, the court specified, in pertinent part:

> 10 months, 15 days of the sentence is suspended.
>
> Defendant shall serve 45 days of said sentence without the benefit of probation, parole or suspension of sentece [sic] and is given credit for time served.

The remaining balance of said sentence shall be served on Home Incarceration....[1]

Pursuant to the instant habeas application, Camp challenges the validity of his guilty plea in the Second Parish Court for the Parish of Jefferson, Case No. S1079667. Camp claims that the judge forced him to plead guilty. In its response (fed. rec., doc. 9), the State claims that this court lacks jurisdiction to adjudicate the validity of Camp's 2008 guilty plea and subsequent six-month sentence. This court agrees.[2]

## II. ANALYSIS

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[3] and applies to habeas petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)). The AEDPA therefore applies to the instant petition.

---

[1] The minute entry documenting Camp's December 6, 2011 guilty plea to being a third DWI offender and the sentence he received is contained in vol. 3 of the State record provided to this court in *Camp v. 24th Judicial District Court and Second Parish Court of Jefferson*, Civil Action No. 2011-2980 "I"(6) (E.D. La.).

[2] The State further claims that the instant action is untimely and that Camp has failed to exhaust his state court remedies. The court, however, does not reach these claims in light of the fact that the court lacks jurisdiction.

[3] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

It is axiomatic that this court is one of limited jurisdiction and must always be satisfied of its own subject matter jurisdiction. Subject matter jurisdiction "is nonwaivable and delimits federal-court power . . . . Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 1570, 143 L.Ed.2d 760 (1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")).

As stated above, petitioner, on July 17, 2008, was sentenced in the Second Parish Court for the Parish of Jefferson, Case No. S1079667, to six months in the parish jail with credit for time served. On January 22, 2009, after serving his six-month sentence, Camp was again arrested for driving while intoxicated, in violation of LSA-R.S. 14:98. Camp was charged with the crime on March 17, 2009, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Case No. 2009-1161. On December 6, 2011, Camp pled guilty and received a sentence of one-year. It is this sentence that Camp is presently serving.

As noted above, Camp, pursuant to the instant action, is challenging the constitutionality of his guilty plea in the Second Parish Court for the Parish of Jefferson in

Case No. S1079667, <u>not</u> his guilty plea in the Twenty-Fourth Judicial District Court for the Parish of Jefferson in Case No. 2009-1161.

To be eligible for federal habeas corpus relief, a petitioner must be "in custody". *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief <u>only</u> from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (quoting 28 U.S.C. §2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a).

The United States Supreme Court has interpreted the above statutory language to require that the habeas petitioner be in custody for the conviction or sentence under attack at the time the petition is filed. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 400-401, 121 S.Ct. 1567, 1572-1573, 149 L.Ed.2d 608 (2001).

Whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559-1560, 20 L.Ed.2d 554 (1968); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985). When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody. *Carafas*, 391 U.S. at 238, 88 S.Ct. at 1559-1560; *Port*, 764 F.2d at 425.

Although Camp was incarcerated when he filed the instant action, he was not in custody for the July 17, 2008 conviction and sentence he is now challenging. Further, the fact that his July 17, 2008 conviction was used to enhance his December 6, 2011 conviction and sentence, does not provide Camp with a basis to raise a habeas challenge to his July 17, 2008 conviction. In *Lackawanna*, 532 U.S. at 396, 121 S.Ct. 1567, , the Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.... If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id*. at 403-404.[4] Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that the petition of Landis Camp for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** for lack of subject matter jurisdiction. In light of the court's finding in this regard, it is further **RECOMMENDED** that Camp's Motions to Correct Illegal Sentence (rec. docs. 11 and 12) be **DENIED** as moot.

---

[4]There are two exceptions to the above general rule. One exception is with respect to habeas petitions challenging an enhanced sentence "on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment...." *Id*. at 404. The second exception might lie, albeit in a rare circumstance, where through no fault of his own, there was no channel of review actually available to petitioner through which he might have timely challenged his prior conviction. *Id*. at 405-406. Neither of these exceptions are applicable in the instant situation.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[5]

New Orleans, Louisiana, this __26th__ day of _____March_____, 2012.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.